HEFNER, STARK & MAROIS, LLP
David F. Anderson (CA Bar Assn. No. 79715)
Howard S. Nevins (CA Bar Assn. No. 119366)
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833-3883
Telephone: (916) 925-6620
Fax No: (916) 925-1127
Email: danderson@hsmlaw.com

Attorneys for
MICHAEL P. DACQUISTO
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA
### (Sacramento Division)

| | |
|---|---|
| In re<br><br>DIANA M. KELLEY<br><br>Debtor, | Case No. 10-34740-A-7<br>DC No: HSM-004<br>Date: October 11, 2011<br>Time: 10:00 a.m.<br>Place: 501 I Street<br>Sacramento, CA<br>Ctrm. 28, 7th Flr.<br>Judge: Michael S. McManus |

**MOTION TO COMPEL TURNOVER ESTATE ASSETS**

Movant, MICHAEL P. DACQUISTO, the Chapter 7 Trustee ("Trustee"), represents, moves and alleges as follows:

1. Movant is the duly qualified and acting Trustee in this case.

2. This court has jurisdiction over this matter based on 28 U.S.C. sections 157 and 1334, and 11 U.S.C. section 542.

3. The Debtor, DIANA M. KELLEY ("Debtor"), filed her voluntary Chapter 7 case on June 4, 2010.

4. On November 1, 2010, the Debtor filed her Amended Schedules B and C.

5. In Amended Schedule C, the Debtor claimed an exemption in the following asset: "Mooretown Rancheria distributions for future earnings," with a scheduled value of $15,931.00. The Debtor claimed this exemption under Cal. Code Civ. Proc. § 703.140(b)(5) ("Wildcard

Exemption"). The Trustee filed no objection to that exemption. Further, in Amended Schedule C, the Debtor claimed an exemption in the following asset: "Moretown (sic) Rancheria future earnings and distributions," with a scheduled value of $30,000.00. The Debtor claimed this exemption pursuant to Cal. Code Civ. Proc. § 703.140(b)(11)(E).

6. On or about January 31, 2011, the Trustee filed his Partial Objection to Debtor's Amended Claims of Exemptions, specifically with reference to the $30,000.00 exemption claim pursuant to Cal. Code Civ. Proc. § 703.140(b)(11)(E) alleging that the claim was improper since the cited code section simply does not apply. This section is intended to cover payments in compensation for actual bodily injury such as tort injuries, disability claims and sexual harassment claims, resulting in the loss of future earnings.

7. The Debtor subsequently withdrew her claim of exemption as to the $30,000.00 Mooretown Rancheria distribution prior to the hearing on the Trustee's objection.

8. The Debtor has filed no further claims of exemption.

9. The Trustee is informed and believes that the Debtor is a lineal tribal member of the Mooretown Rancheria of Maidu Indians of California and that as such, the Debtor is entitled to receive $2,500.00 per month in gaming revenue along with a quarterly distribution in a variable amount from funds held in reserve. (See letter dated July 26, 2010, from Kayla Lobo, Tribal Treasurer, filed herewith as **Exhibit "A."**) The Trustee, therefore, believes that the Debtor may have received payments totaling $32,500.00 since the filing of her bankruptcy case based on payments of $2,500.00 per month paid over the period from June 2010 through August 2011 ("$2,500.00 x 15 months = $32,500.00). This does not include the quarterly payments in an unknown amount which may also have been received by the Debtor (these monthly payments and quarterly distributions actually distributed to the Debtor since the commencement of this case, collectively ("Payments").

10. Demand has been made for the turnover of all such Payments over and above the exempt amount of $15,931.00. The Trustee has also made demand for an accounting the Payments. The Debtor has failed to turnover such Payments and provide an accounting. See Declaration of David F. Anderson filed herewith.

11. Pursuant to 11 U.S.C. section 541(a)(5)(C) the Payments constitutes property of the bankruptcy estate.

12. Pursuant to 11 U.S.C. section 542... the Trustee may seek an order compelling turnover of the Payments as an asset of the bankruptcy estate. Because this turnover motion is directed to the Debtor, the relief may be requested by way of motion rather than adversary proceeding.

**WHEREFORE**, the Trustee prays that the Debtor herein, DIANA M. KELLEY, be ordered to (1) surrender the funds of the estate in the form of the tribal Payments including all monthly and quarterly payments received since June 4, 2010, except to the extent that such funds are exempt in the amount of $15,931.00, together with all books and records and other documents showing the disposition of said proceeds; (2) render an accounting to Trustee and the Court of the disposition of said Payments, including copies of depositary account statements and other records whereby the deposits may be tracked to their ultimate disposition; and (3) and that the Trustee have other and further relief as may be just and proper.

Dated: September 13, 2011

HEFNER, STARK & MAROIS, LLP

By _____
David F. Anderson, Attorneys for
MICHAEL P. DACQUISTO, Chapter 7 Trustee

K:\Dacquisto, Michael P\Diana M Kelley (6467-0034)\pldg compel (hsm004) mtn.wpd